SIOUX FALLS METAL CULVERT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41070. Promulgated October 21, 1932.

*Peter S. Rask, Esq.*, for the petitioner.
*James K. Polk, Esq.*, for the respondent.

**OPINION.**

LANSDON: The principal question in this proceeding is whether the transactions described in our findings of fact constitute sales of the warrants by petitioner, or borrowings of money upon the warrants as collateral security. If we hold that petitioner borrowed money, then we must determine whether such indebtedness was

" incurred or continued to purchase or carry obligations or securities * * * the interest upon which is wholly exempt from taxation" within the meaning of section 234 (a) (2) of the Revenue Act of 1926.

The evidence produced does not show what agreement, if any, existed between petitioner and the individuals to whom payments in the nature of interest were made. The testimony is that whenever possible the petitioner sold the warrants. The respondent has determined that the amounts paid to the individuals were mere advances and could not be deducted, since petitioner was later reimbursed therefor. We must sustain the respondent's position. *Henry F. Cochrane*, 23 B. T. A. 202; *Charles E. Albright*, 16 B. T. A. 1228; *Grelck Condensed Buttermilk Co.*, 7 B. T. A. 79.

The transactions between petitioner and the Minnehaha National Bank were covered by a memorandum providing that the bank should " carry " the warrants for petitioner and charge interest at the rate of 7 per cent per annum. The warrants also paid 7 per cent per annum, which makes the details of the transactions rather confusing. The language of the memorandum is that the warrants were " deposited " with the bank and the petitioner was to be " charged " 7 per cent interest on the " face " of the warrants. If they had been sold on the same basis petitioner would undoubtedly have received the face, plus accrued interest.

The respondent places considerable emphasis on the fact that the warrants transferred were taken into the assets of the bank and were not carried as assets on petitioner's books. We do not think the bookkeeping methods necessarily determine the nature of the transactions. If a note had been given to the bank for the face of the warrants it would have appeared in the bank's assets instead of the warrants and petitioner would have carried the warrants as assets, with an offsetting liability for the note. The net effect of what was done is the same.

In our opinion the written agreement of the parties provides for a loan to petitioner rather than a sale of the securities transferred. *First National Bank of Wichita*, 19 B. T. A. 744; affd., 57 Fed. (2d) 7. The amounts paid by petitioner to the bank represent interest paid on indebtedness.

The remaining question, as to whether amounts paid to the bank in the taxable years represent interest paid on indebtedness incurred or continued to carry tax-exempt securities, has heretofore been decided in *R. B. George Machinery Co.*, 26 B. T. A. 594, where we held that warrants, similar to those involved in the instant proceeding, received in payment for machinery and used as security for a loan, were received and carried as an incident to petitioner's

business, and that the interest paid was deductible. Upon authority of our decision in that case we hold that the petitioner is entitled to deduct as interest expense the amounts paid to the Minnehaha National Bank.

*Decision will be entered under Rule 50.*